[Cite as *State v. Kinney*, 2024-Ohio-5025.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-7 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 113 |
| | : | |
| JILL DEANNE KINNEY, | : | (Criminal Appeal from Common Pleas |
| aka JILL D. SCOTT, | : | Court) |
| aka JILL MANVILLE | : | |
| | : | |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 18, 2024

. . . . . . . . . . .

NATHAN D. BOONE, Attorney for Appellant

JANE A. NAPIER, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Jill Deanne Kinney appeals from her conviction and sentence following her admission to a violation of her supervision requirements while on

intervention in lieu of conviction ("ILC").   For the reasons set forth below, we affirm.

## I.      Factual and Procedural Background

{¶ 2} In June 2023, Kinney was charged by bill of information with one count of aggravated possession of drugs.   She entered a waiver of indictment and filed a motion for ILC. On July 19, 2023, the trial court granted her request for ILC but noted that she had violated her conditions of bond on July 5, 2023, when she tested positive for methamphetamine.   On that same date, Kinney entered a conditional plea of guilty in accordance with the terms of ILC.

{¶ 3} On January 2, 2024, a notice of supervision violation was filed alleging that Kinney had failed to comply with the terms of her ILC.   Specifically, the notice indicated that Kinney had "attempted to attend [drug] treatment via telehealth when previously ordered to only attend in person."   A hearing was conducted on January 18, 2024, at which time Kinney admitted the violation.   The trial court terminated ILC and placed Kinney on community control sanctions (CCS) for a period of two years.   The trial court also ordered Kinney to serve a jail term of four days and ordered her to perform 120 hours of community service.

{¶ 4} Kinney appeals.

## II.      Ineffective Assistance of Counsel

{¶ 5} Kinney's sole assignment of error states:

APPELLANT   SUFFERED   INEFFECTIVE   ASSISTANCE   OF

COUNSEL WHEN HER TRIAL COUNSEL TOLD APPELLANT HER ILC WOULD NOT BE REVOKED IF SHE PLED GUILTY TO THE ALLEGED VIOLATION.

{¶ 6} Kinney contends she was denied the effective assistance of counsel during the violation hearing.

{¶ 7} To establish ineffective assistance of counsel, a defendant must demonstrate both that (1) trial counsel's conduct was deficient, and (2) trial counsel's deficient performance prejudiced the defense. *State v. Lloyd*, 2022-Ohio-4259, ¶ 15, citing *Strickland v. Washington*, 466 U.S. 668 (1984).

{¶ 8} Trial counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland* at 687; *Lloyd* at ¶ 16. Deficiency "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Dennis*, 2022-Ohio-2888, ¶ 37 (2d Dist.). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 689. The prejudice prong requires a showing that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different. *Strickland* at 694; *Lloyd* at ¶ 18. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 9} In support of her assignment of error, Kinney first states that she "believes Counsel suggested that a guilty plea to the ILC violation would not result in being unsuccessfully terminated from participation in ILC." She also claims that counsel was

not prepared for the violation hearing and thus did not provide her with intelligent advice, because he had failed to review a document identified as the "Service History Chart."

{¶ 10} We first note that the alleged conversations between Kinney and her counsel surrounding the decision to admit the violation are not part of the record before us. A claim of ineffective assistance of counsel cannot be raised on direct appeal if it relies on evidence outside the record. *State v. Merrick*, 2020-Ohio-3744, ¶ 34 (2d Dist.); *State v. Easterling*, 2019-Ohio-2470, ¶ 27 (2d Dist.). Thus, because Kinney's claim that counsel promised her the court would not revoke ILC relies on communications conducted outside the record, it is not properly raised on direct appeal.

{¶ 11} We next turn to the Service History Chart ("Chart"). This document sets forth drug treatment appointments and whether any of the appointments were missed. The record reflects that the Chart was provided to counsel during discovery, but it is unknown if counsel reviewed the Chart prior to the violation hearing. Nonetheless, the trial court provided the Chart to counsel and Kinney during the violation hearing, and they reviewed and discussed the Chart at that time. After reviewing the Chart, neither counsel nor Kinney indicated that it changed the decision to admit the violation.

{¶ 12} Even assuming counsel was deficient for failing to review this document with Kinney prior to the violation hearing, we cannot conclude that the omission was prejudicial. Kinney and her attorney elected to proceed with the violation hearing after being permitted to review and discuss the attendance record. Thus, we cannot conclude that Kinney's decision to admit to a violation for attempting to attend treatment via telehealth would have been different.

**{¶ 13}** The sole assignment of error is overruled.

### III.    Conclusion

**{¶ 14}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.